**In re Olen C. HARBIN, Individually and dba Harbin Auto Sales, Debtor.**

**Olen C. HARBIN, Individually and dba Harbin Auto Sales, Plaintiff,**

**v.**

**J. Hall BROOKS, dba Brooks Auto Service, Defendant.**

**Bankruptcy No. 80–10737.**

**Adv. No. 82–3129.**

United States Bankruptcy Court, W.D. Tennessee, E.D.

Dec. 23, 1982.

---

2. *See* note 1 *supra* and accompanying text.

Lloyd A. Utley, Jackson, Tenn., for plaintiff-debtor.

Charles M. Cary, Bolivar, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

In this Chapter 7 proceeding the debtor, Olen C. Harbin, dba Harbin Auto Sales, filed a complaint against the defendant, J. Hall Brooks, dba Brooks Auto Service (hereinafter "Brooks") for injunctive relief, for monetary damages, and to hold the creditor in contempt for issuing a garnishment on certain escrow funds. The Court finds that the complaint should be dismissed for reasons set forth hereinafter.

Brooks obtained a judgment against the debtor in the Chancery Court of Hardeman County, Tennessee on September 15, 1980, and registered the judgment as a judgment lien in the Register's Office of Hardeman County, Tennessee on September 26, 1980. The debtor filed a Chapter 7 bankruptcy petition on October 7, 1980 and therein listed Brooks as an unsecured creditor. The debtor received a discharge under Chapter 7 of the Bankruptcy Code on February 4, 1981.

On October 6, 1982 the debtor sold certain real property in which he had an interest. Sale proceeds in the amount of $3,349.79 were held in an escrow account by the realty company conducting the sale with instructions on the settlement sheet (Exhibit D) that due to the judgment lien the proceeds from the sale were to be "held in escrow until legal settlement determined."

After receiving authorization from the Bankruptcy Court, the trustee on October 14, 1982 disclaimed his interest in the real property that was sold. Thereafter Brooks issued a garnishment against the above-mentioned proceeds held in the escrow account. The debtor filed a complaint on October 27, 1982 alleging that the action taken by Brooks in the form of a garnishment was in violation of the injunction pursuant to 11 U.S.C. § 524.

The debtor contends that the debt owed to Brooks was discharged in bankruptcy and that Brooks had also lost his judgment lien by not issuing an execution on the land and selling the land within one year after the rendition of the judgment pursuant to Tenn.Code Ann. § 25–5–105. Brooks maintains that the above-mentioned limitations period of one year was tolled by the automatic stay provisions in the Bankruptcy Code.

The filing of a Chapter 7 petition operates as a stay, as to all entities, of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case." 11 U.S.C. § 362(a)(2). Under 11 U.S.C. § 362(c) the automatic stay of an act such as an execution or garnishment against property of the estate continues until such property is no longer property of the estate and at such time as the case is either closed, dismissed or the discharge is denied or granted, whichever occurs first.

Property remains property of the estate until the trustee, after notice and a hearing, abandons the property. 11 U.S.C. § 554(a), (b), (c). In the present case the debtor's interest in the real property at bar became property of the estate under § 541 of the Bankruptcy Code when the Chapter 7 petition was filed on October 7, 1980. Brooks was enjoined under § 362 from enforcing his judgment against that property so long as it remained property of the estate.

The debtor's interest in the land in this case remained property of the estate until October 14, 1982 when the trustee abandoned his interest in the property. Thus, an injunction was in effect from when the Chapter 7 petition was filed on October 7, 1980 until the trustee abandoned the real property on October 14, 1982, and during that period Brooks could not enforce his judgment lien.

Tenn.Code Ann. § 25–5–106 sets out the following extension of the judgment-lien enforcement period:

> If the sale within the twelve (12) months is prevented by injunction writ of error, appeal in the nature of a writ of error, or other adverse proceeding in court, or by appeal from judgments and decrees of courts of equity in this state to the Supreme Court, or Court of Appeals,

the lien shall be continued, provided the creditor shall issue execution and sell the land within one year after the injunction is dissolved, the judgment or decree affirmed, or adverse legal proceeding dismissed.

In applying the above Tennessee statute to the present case the Court finds that the one-year limitations period was tolled and the judgment lien was in effect on the date that the garnishment was issued. The Chapter 7 petition was filed less than a month after Brooks obtained his judgment against the debtor, and the garnishment on the proceeds in the escrow account was issued soon after the trustee abandoned his interest in the real property which made it no longer property of the estate and thus starting the one-year limitations period on the judgment lien running again.

Since the Court has found that at the time of the garnishment the judgment lien had not expired the next question to be addressed is whether Brooks could properly issue a garnishment on the sale proceeds in the escrow account. Because the debt owed to Brooks had been discharged in bankruptcy, the only action left for Brooks was enforcement of the judgment lien. The question thus arises as to whether the garnishment issued against the sale proceeds in the escrow account was a valid enforcement of the judgment lien, or more specifically, whether the judgment lien extended to the proceeds from the sale of the real property upon which there was a judgment lien.

The general rule is that once a judgment lien attaches to land it remains with the land and cannot be destroyed by the debtor's subsequent alienation of the property. 49 C.J.S. *Judgments* § 296 (1982). If the debtor sells the property to a third party then the purchaser would take the land subject to the judgment lien unless the judgment creditor waives or releases the lien. *Id.*

In Tennessee if a judgment creditor enforces his judgment lien by issuing an execution and certain land of the debtor is levied upon and sold within one year after rendition of the judgment, such levy and sale will overreach and avoid all intermediate alienations by the debtor. 10 Michie's Digest *Judgments and Decrees* § 140 (1938; cases cited therein).

Seeing that a judgment lien remains with the land it accordingly does not attach to any funds received from the sale of the land or any issues or profits from the land. 49 C.J.S. *supra;* 46 Am.Jur.2d *supra* at § 246. Therefore, the Court must conclude that the judgment lien did not extend to the proceeds and Brooks, as a consequence of this, is in contempt for using an improper means of process to enforce his judgment lien in violation of the discharge and injunctive provisions of the Bankruptcy Code.

Civil contempt remedies generally fall into two categories, one being for the purpose of making a party comply with a court order and the other being compensatory in that its purpose is to reimburse an injured party for losses due to the adversary's non-compliance. *In re Hill,* 19 B.R. 375 (Bkrtcy. N.D.Tex.1982).

The Court cannot discover any actual damages in this case from Brooks' action which actually amounted to a disregard or a misinterpretation of the bankruptcy laws. Moreover, the Court cannot find that the action taken by Brooks was a conscious and intentional violation of the bankruptcy laws of such a magnitude that would merit an award of damages to the debtor.

The obvious effect of the judgment lien remaining with the land in this case would be that there is a cloud upon the title to the land that was sold. The satisfaction of the judgment by a payment to Brooks from the proceeds in the escrow account and a release of the judgment lien in turn by Brooks should of course eliminate the cloud on the title caused by the judgment. However, such a resolution of the dispute remains within the prerogative of the parties.

IT IS, THEREFORE ORDERED that the above-mentioned Complaint filed by the debtor is hereby dismissed with prejudice.