**In re LAWRENCE & ERAUSQUIN, INC., Debtor.**

**Bankruptcy No. 87–00069.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 31, 1990.

David M. Schnorf, Toledo, Ohio, for debtor.

Edward F. Zoltanski, Trustee, Toledo, Ohio.

Ellis F. Robinson, Toledo, Ohio, for Hall–Toledo, Inc.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Objection to Trustee's Intention to Compromise Objection to Claim of Hall–Toledo, Inc. At the Hearing, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the testimony, and other evidence presented, and the written arguments filed by the Trustee and Hall–Toledo, as well as the entire record in this case. Based on that review, and the following reasons, the Court finds that the proposed settlement should be approved.

## FACTS

The facts necessary for this decision are not in dispute. The proposed compromise involves a dispute between the Debtor, and Hall–Toledo, Inc. concerning the amount of

Hall–Toledo's claim. Lawrence and Erausquin, Inc. and Hall–Toledo were, in the 1970's, related entities. After a stock repurchase agreement, the two companies did business with each other for a period through approximately 1984.

The dispute in this case involves the stock repurchase agreement between Hall–Toledo and Lawrence & Erausquin, Inc., the propriety of charging interest, and the applicable rate, on an obligation owed by Lawrence & Erausquin to Hall–Toledo, and the allowance of a "cancellation charge". Lurking in the background is a claim which was withdrawn, involving an Indian business transaction which was allegedly usurped in some fashion by the Debtor.

The amount of Hall–Toledo's claim in this case is One Hundred Thousand Eighty-eight Dollars and Thirty-two Cents ($100,-088.32). The Trustee accepted a compromise, subject to Court approval, permitting an offset of Forty Thousand Eight Hundred Dollars ($40,800.00), and the withdrawal of the balance of the Hall–Toledo, Inc. unsecured claim.

## LAW

■ The proposed settlement comes before the Court pursuant to Bankruptcy Rule 9019(a), which states:

(a) **Compromise.** On motion by the trustee and after a hearing on notice to creditors, the debtor and indentured trustees as provided in Rule 2002(a) and to such other persons as the court may designate, the court may approve a compromise or settlement.

The decision whether to approve a trustee's proposed settlement is a matter within the sound discretion of the Bankruptcy Court. *In re Bell & Beckwith*, 87 B.R. 472, 474 (N.D.Ohio 1987). In deciding whether to approve a proposed settlement, the Court must determine whether the settlement is in the best interest of the estate. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D.Pa.1986); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr.N.D.Ohio 1985).

■ In evaluating a proposed settlement agreement, the Bankruptcy Court should consider the probability of success in litigation, the difficulties, if any, to be encountered in collecting any judgments that might be rendered, the complexity of the litigation involved, as well as the expense, inconvenience and delay necessarily attendant to the litigation, and the paramount interests of creditors with proper deference to their reasonable views. *In re Bell & Beckwith*, 93 B.R. 569, 574 (Bankr. N.D.Ohio 1988). The Court may give weight to the opinions of the trustee, the parties, and their counsel, in determining the reasonableness of the proposed settlement. *In re Heissinger Resources Ltd.*, 67 B.R. 378, 383 (C.D.Ill.1986). While creditors' objections to a settlement must be afforded due deference, such objections are not controlling. *In re A & C Properties*, 784 F.2d 1377, 1382 (9th Cir.1986).

■ The Trustee, as proponent of the proposed settlement, has the burden of persuasion that the settlement is in the best interest of the estate. *In re Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr.D.Colo. 1986); *In re GHR Companies, Inc.*, 50 B.R. 925, 931 (Bankr.D.Mass.1985). In determining whether to approve the Trustee's proposed settlement, the Court does not substitute its judgment for that of the Trustee. *In re Neshaminy Office Bldg. Assoc.*, 62 B.R. at 803; *Matter of Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr.S.D. N.Y.1984), *aff'd*, *In re Carla Leather, Inc.*, 50 B.R. 764 (S.D.N.Y.1985). Instead, the Court will, at the Hearing on the proposed settlement, "canvass" the issues and see if the settlement falls below the lowest point in the range of reasonableness. *In re Technology for Energy Corp.*, 56 B.R. 307, 311 (Bankr.E.D.Tenn.1985).

The purpose of the Hearing is not for the Court to decide the numerous issues of law and fact raised by the Objectors. *Id.* What is being sought is not the resolution of issues, but rather the identification and clarification of the litigation issues so that the Court can make an informed decision on the reasonableness of the settlement. *In re Bell & Beckwith*, 93 B.R. at 575;

*Matter of Carla Leather, Inc.*, 44 B.R. at 470.

Finally, the Court bears in mind the first sentence of *In re Heissinger Resources Ltd.*, "The law favors compromise". 67 B.R. at 379.

■ In the case at bar, the Trustee has less than Fourteen Thousand Dollars ($14,-000.00) in the estate account. If all the issues which have been raised in this case were to be litigated by the Trustee, the litigation would be time consuming, burdensome, somewhat risky, and would quite possibly cost the estate more than it would generate for the payment of unsecured creditors. Accordingly, the Court having reviewed the issue presented herein, it appears that approval of the proposed compromise is in the best interest of the estate, and should be approved.

Accordingly, it is

ORDERED that Denis R. Lawrence's Objection to the Trustee's Intention to Compromise Objection to Claim of Hall–Toledo, Inc. be, and is hereby, Denied.

It is FURTHER ORDERED that the Trustee's proposed Compromise be, and is hereby, Approved.