**In re David L. DARRAH, Debtor.**

**David Darrah, Plaintiff,**

v.

**Franklin Credit, Defendant.**

**No. 04–3291.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 23, 2005.

John L. Jacobson, Toledo, OH, for debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This matter comes before the Court upon the Plaintiff's Complaint for Damages. After filing a timely Answer to the Complaint, the Defendant filed a Motion for Summary Judgment as well as a Motion for Judgment on the Pleadings. The

Plaintiff did not respond to either motion. For the reasons set forth herein, the Defendant's Motion for Summary Judgment will be Granted.

## FACTS

The Defendant, Franklin Credit (hereinafter the "Defendant"), is the holder of a note and mortgage encumbering the residence of the Plaintiff/Debtor, David L. Darrah (hereinafter the "Plaintiff"). On March 25, 2004, the Plaintiff sent to the Defendant a letter asking for information pertaining to this mortgage pursuant to the statutory scheme known as RESPA (the Real Estate Settlement Procedures Act). On the same day, the Plaintiff also filed a petition in this Court for relief under Chapter 13 of the Bankruptcy Code. Afterwards, the Defendant sent to the Plaintiff an acknowledgment of his RESPA request, later forwarding additional information regarding the mortgage. The Plaintiff's bankruptcy case was later voluntarily dismissed in April of 2003.

In May of 2004, the Plaintiff filed a subsequent bankruptcy petition under Chapter 13 of the Bankruptcy Code. In August of 2004, the Plaintiff commenced this action, basing his claim for damages on the Defendant's violation of the provisions of RESPA. In March of 2005, the Debtor voluntarily converted his case to one under Chapter 7 of the Code. The Debtor's cause of action, as asserted here, under RESPA was disclosed neither in his Amended Chapter 7 petition, nor his original Chapter 13 petition.

## DISCUSSION

In defense of the Plaintiff's complaint, the Defendant has filed a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure; and a Motion for Judgment on the Pleadings under Rule 12. These Rules of Procedure are made applicable to this proceeding by Bankruptcy Rules 7056 and 7012, respectively. In its Motion for Summary Judgment, the Defendant incorporated therein those arguments made in its Motion for Judgment on the Pleadings. Based, therefore, upon this procedural posture, the Court will address the Defendant's Motion for Judgment on the Pleadings under the standard set forth for a Motion for Summary Judgment.

The standard for summary judgment is set forth in FED.R.CIV.P.56, and provides for in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Thereafter, upon the movant meeting this burden, the opposing party may not merely rest upon their pleading, but must instead set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In support of its claim for summary judgment, the Defendant raised six defenses: lack of standing; judicial estoppel; res judicata; the Rooker–Feldman doctrine; waiver; and a lack of compliance with the requirements of RESPA. Of these, the

Court finds that, under the standard for summary judgment, the first point raised as a defense—that of standing—is entirely dispositive of the matter.

■ Before a party may assert any action, they must have standing to do so. This is a jurisdictional prerequisite, stemming from the case-or-controversy requirement of Article III, Section 1 of the United States Constitution. At its most basic level, standing means that the plaintiff must have suffered some type of "concrete and particularized" injury. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). But when a bankruptcy case is filed, the identity of the entity who is normally perceived to possess such an injury will in many instances change. Such a change has occurred in his matter.

■ At the commencement of a bankruptcy case, an estate is created. 11 U.S.C. § 541(a). This estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* Choses-in-action, such as the Plaintiff's claim under RESPA, are included within this broad definition. *See, e.g., In re Four Star Construction Co.,* 151 B.R. 817, 819–20 (Bankr.N.D.Ohio 1993).

■ A trustee then administers the estate for the benefit of all a debtor's creditors. 11 U.S.C. § 323(a). So as to effectuate this duty, the trustee is afforded with a number of powers. Among these, is the "capacity to sue[.]" 11 U.S.C. § 323(b). And so long as a chose-in-action remains a part of a debtor's bankruptcy estate, this authority to sue is exclusive to the trustee; a debtor may not, independent of the trustee, exercise legal authority over estate property. *See Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir.1988).

■ Once property becomes included in a debtor's bankruptcy estate, it remains there until abandoned. *Harbin v. Brooks,* 25 B.R. 703, 705 (Bankr.W.D.Tenn.1982). Property may be abandoned for one of two reasons: (1) if, after an action brought by the trustee or a party in interest, the court finds that the property is "burdensome" or of "inconsequential value and benefit to the estate"; or (2) by the closing of the case. 11 U.S.C. § 554. But neither of these triggering events have occurred in this particular matter.

■ Once more, even if they had, it is also the rule that property not properly scheduled remains property of the estate in perpetuity. 11 U.S.C. § 554(c)/(d). Thus, until an amendment to his petition is filed, the Plaintiff, having not listed his RESPA claim in his bankruptcy petition, has no right to assert his RESPA claim in another judicial forum. *Neville v. Harris,* 192 B.R. 825, 833 (D.N.J.1996). The policy objective for this rule is simple: Abandonment presupposes knowledge, thus abandonment cannot occur by mere operation of law for property that was not listed in the debtor's schedules or otherwise disclosed to the creditors. 5 Collier on Bankruptcy ¶ 554.03 (Lawrence P. King, ed., 15th ed. rev.2005). As stated by the district court in the case of *Krank v. Utica Mutual Ins. Co.,* if "the debtor fails to list a claim as an asset, the trustee cannot abandon the claim because he or she will have had no opportunity to determine whether it will benefit the estate." 109 B.R. 668, 669 (E.D.Pa.), *aff'd,* 908 F.2d 962 (3rd Cir.1990).

■ Additionally, even if, for argumentative sake, the Plaintiff's RESPA claim had been abandoned from the estate, or for that matter, assuming that the claim never became a part of his bankruptcy estate, the outcome in this matter would not change. This Court's jurisdiction is

limited to four types of matters: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in title 11 cases; and (4) proceedings related to cases under title 11. 28 U.S.C. § 1334. The last,—"related to" jurisdiction—forms the outer limit of this Court's jurisdictional authority.

 "Related to" jurisdiction has been defined by the Sixth Circuit Court of Appeals in two parts: (1) as that which "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)"; and (2) that "which in any way impacts upon the handling and administration of the bankrupt estate." *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir.1996). Suits that are not property of the estate would, of course, fall outside this orbit because, although a debtor's rights and liabilities would be at stake as required under the first part of the *In re Dow Corning Corp.*, test, its handling could, by definition, have no conceivable impact on the administration of the estate as required under the latter part. Any and all benefits of the suit would inure entirely to the debtor. Furthermore, the fact that judicial economy may be better served by having this Court hear the matter is not a cure; the requirement of "related to" jurisdiction pertains to subject-matter jurisdiction, and thus cannot be waived. *Bobroff v. Continental Bank (In re Bobroff)*, 766 F.2d 797 (3rd Cir.1985). *See also R. David Boyer, Trustee v. Samuel S. Conte*, 200 B.R. 857 (bankruptcy court lacks jurisdiction over proceedings to collect a money judgment issued in favor of a bankruptcy trustee where the trustee no longer owns that judgment).

In summation, the Debtor has no standing to bring his RESPA claim in this Court; whether the claim is or is not property of his bankruptcy estate makes no difference. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment filed by the Defendant, Franklin Credit, be, and is hereby, GRANTED; and that this adversary case, be, and is hereby, DISMISSED.