In re MARS BUILDERS, INC., Debtor.

**Delrey Windows, Inc., Plaintiff,**

**v.**

**Mars Builders, Inc., Defendant.**

**Bankruptcy No. 07–21569–MBM.**
**Adversary No. 07–2228–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 18, 2008.

David S. Bloom, Jennifer L. Cerce, Maiello Brungo & Maiello, Pittsburgh, PA, for Plaintiff.

Mary Bower Sheats, Pittsburgh, PA, for Defendant.

## MEMORANDUM AND ORDER OF COURT

M. BRUCE McCULLOUGH, Bankruptcy Judge.

AND NOW, this 18th day of November, 2008, upon consideration of (a) the brief filed by Delrey Windows, Inc. (hereafter "Delrey"), the instant plaintiff, regarding whether it possesses standing to prosecute Count 3 of its complaint in the instant adversary proceeding (a fraudulent conveyance cause of action), (b) the response to such brief by Rowan Corporate Tower, LLP (hereafter "Rowan"), and (c) Delrey's response to Rowan's motion for reconsideration of this Court's August 13, 2008 Order to compel discovery (hereafter "Rowan's Reconsideration Motion"), as well as Delrey's objection to the entry by this Court of its August 21, 2008 Order that (i) vacated this Court's August 13, 2008 Order and quashed a subpoena directed to John C. Fogle, CPA, and (ii) thereby granted to Rowan the relief that it sought in Rowan's Reconsideration Motion (hereafter collectively referred to as "Delrey's Objection to the Court's August 21, 2008 Order");

and after notice and a hearing on Delrey's Objection to the Court's August 21, 2008 Order, which hearing was held on October 2, 2008, and at which time the Court directed Delrey to file the aforesaid brief on the aforementioned issue of standing,

it is hereby ORDERED, ADJUDGED, AND DECREED that:

(a) Delrey **LACKS STANDING** to prosecute the fraudulent conveyance cause of action that is pled in Count 3 of its adversary complaint;

(b) this Court consequently **LACKS SUBJECT MATTER JURISDICTION** to adjudicate such fraudulent conveyance cause of action, which means that the Court, pursuant to Fed.R.Civ.P. 12(h)(3),[1] shall consequently dismiss such fraudulent conveyance cause of action;

(c) Delrey's aforesaid fraudulent conveyance cause of action, that is Delrey's Count 3, is thus **DISMISSED WITHOUT PREJUDICE;**

(d) because the Court's August 13, 2008 Order and the subpoena directed to John C. Fogle, CPA both deal with discovery that pertains exclusively to Delrey's fraudulent conveyance cause of action (i.e., Delrey's Count 3),[2] and since such cause of action, as

---

1. Fed.R.Civ.P. 12(h)(3) is made applicable to the instant matter by Fed. R. Bankr.P. 7012(b).

2. The Court will presume, indeed must conclude, that its August 13, 2008 Order and the subpoena directed to John C. Fogle, CPA both deal with discovery that pertains exclusively to Delrey's fraudulent conveyance cause of action (i.e., Delrey's Count 3) because the first two counts in Delrey's adversary complaint (a) seek the denial of the discharge of the instant Debtor, who, as a corporation, is not legally eligible to obtain a Chapter 7 dis-

just ordered, is dismissed, the Court's August 13, 2008 Order shall **REMAIN VACATED** and the subpoena directed to Mr. Fogle shall **REMAIN QUASHED;** and

(e) Delrey's Objection to the Court's August 21, 2008 Order is consequently **OVERRULED,** which means that the Court's August 21, 2008 Order will remain undisturbed.

The rationale for the Court's decision that Delrey lacks standing to prosecute the fraudulent conveyance cause of action that is pled in its Count 3 is briefly set forth below.

## I.

■■ As Delrey concedes, the Chapter 7 Trustee who was appointed and who has served in the instant bankruptcy case (hereafter "the Chapter 7 Trustee") is vested with sole and exclusive authority to prosecute, *inter alia,* fraudulent conveyance actions regarding the Debtor. Delrey contends, however, that (a) the Chapter 7 Trustee has failed to prosecute the fraudulent conveyance action that Delrey now pursues in its Count 3, (b) the Chapter 7 Trustee has thus thereby constructively abandoned such action, and (c) Delrey thus thereby has become possessed of standing to prosecute such action. In support of its constructive abandonment position, Delrey relies upon the decision in *In re Sheetex, Inc.,* 1999 WL 739628 at *20 n. 4. Unfortunately for Delrey, a "debtor in possession ... [and, thus, a bankruptcy trustee as well,] cannot abandon a legal claim merely by failing to prosecute it, whatever its reason may be for not doing so." *In re General Development Corp.,* 179 B.R. 335, 340 (S.D.Fla.1995). Therefore, "[t]his 'constructive' abandonment claim [of Delrey] is fatally defective as a matter of law." *Id.* at 339. As for Del-

rey's reliance upon the *Sheetex* decision, the Court notes that the *Sheetex* court (a) only accepted that a constructive abandonment theory might exist for the very limited purpose of disposing of a particular pending motion therein, *see Sheetex,* 1999 WL 739628 at *20 n. 4. ("For the purposes of deciding this issue, and for this purpose alone, the Court will treat the claim as having been abandoned by Trustee"), (b) specifically stated that it was not thereby holding that such a theory actually existed, *see Id.* (constructive abandonment "treatment does not extend beyond consideration of this motion, however"), (c) thus essentially only accepted that such a theory might exist for the sake of mere argument within the confines of its own case, and (d) even expressly acknowledged in its decision the very decision upon which this Court relies, namely the decision in *General Development Corp., see Id.* In light of the foregoing, the Court holds that (a) a bankruptcy trustee, as a matter of law, cannot abandon a legal claim merely by failing to prosecute it, (b) the Chapter 7 Trustee has not constructively abandoned the fraudulent conveyance action that Delrey now pursues in its Count 3, and (c) Delrey has not thus thereby become possessed of standing to prosecute such action.

■■ Furthermore, the Court holds, as a matter of law and rather unremarkably, that the legal process by which abandonment of an asset—such as, for instance, a cause of action—is effectuated in bankruptcy necessarily requires, in the instance when a bankruptcy trustee is present, that such bankruptcy trustee have first been aware of the existence of the asset in question before the same can be abandoned. Indeed, the Court is hard-pressed to imagine how a bankruptcy trustee, with-

charge, *see* 11 U.S.C.A. § 727(a)(1), and (b)

are thus utterly devoid of merit.

out such awareness of such existence of such asset, could either voluntarily abandon such asset pursuant to 11 U.S.C. § 554(a), or be ordered to involuntarily abandon such asset pursuant to 11 U.S.C. § 554(b). The Court also holds, as a matter of law, that, even if constructive abandonment of an asset by a bankruptcy trustee were possible, such abandonment could not possibly occur until such trustee at least first became aware of the existence of such asset; to suggest otherwise, the Court concludes, is simply senseless. By virtue of Delrey's recitation of the relevant facts in the instant bankruptcy case, the Court must conclude that the Chapter 7 Trustee was not, and has never been made, aware of the fraudulent conveyance action that Delrey now pursues in its Count 3. The Court holds that, without such awareness of such fraudulent conveyance action, the Chapter 7 Trustee could not have abandoned such action.

The Court also points out that abandonment of the fraudulent conveyance action that Delrey now pursues in its Count 3 is neither something that the Court would permit, nor a vehicle by which Delrey could ever pursue such action in this Court. The Court so rules because, if such abandonment were to be permitted, then such action would no longer constitute property of the instant Debtor's bankruptcy estate, which result would (a) necessarily divest this Court of subject matter jurisdiction over such action, *see Halper v. Halper*, 164 F.3d 830, 837 (3rd Cir.1999) (quoting *Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984), to the effect that bankruptcy jurisdiction generally lies only if " 'the outcome of th[e] proceeding [in question] could conceivably have any effect *on the [Debtor's] estate being administered in bankruptcy* ' "), and (b) consequently be particularly unpalatable to the Court given that it could then not control litigation over

an action any recovery from which should redound to the entire creditor body of the instant Debtor rather than to just Delrey. Therefore, the Court shall not permit the abandonment of such fraudulent conveyance action at any time during the course of the instant bankruptcy case.

■ What Delrey should have done in the first place with respect to the fraudulent conveyance action in question—and what it will need to do henceforth—is to

(a) first, present all of the information relevant to such action to the Chapter 7 Trustee for such trustee's consideration,

(b) second, after an appropriate period to allow for the Chapter 7 Trustee's consideration, make demand upon the Chapter 7 Trustee to prosecute such action (if such prosecution has not already commenced), and

(c) third, after a refusal by the Chapter 7 Trustee to so prosecute, petition this Court for a hearing and the entry of an order authorizing Delrey, instead of such trustee, to prosecute such action on behalf of the instant Debtor's bankruptcy estate—*only after such procedure has been followed, and subsequent to such authorization by this Court, may Delrey ever become legally possessed of the requisite standing to prosecute such action.*

*See* 7 *Collier on Bankruptcy,* ¶ 1109.05 at 1109–46 to 1109–52 (Bender 2008) (discussing the Third Circuit's decision in *In re Cybergenics Corp.*, 330 F.3d 548 (3rd Cir. 2003)). The foregoing procedure ensures that the fraudulent conveyance action in question remains (a) property of the instant Debtor's bankruptcy estate, (b) under the control of this Court, and (c) within

this Court's subject matter jurisdiction.[3]

■ As for the Court's decision to immediately dismiss such fraudulent conveyance action, that is Delrey's Count 3, rather than continue it generally until either the Chapter 7 Trustee is substituted as the proper party plaintiff or Delrey ultimately obtains standing to bring such action, the Court must so dismiss because (a) Delrey, as set forth above, presently lacks the requisite standing to prosecute such action, (b) this Court, as set forth above, consequently presently lacks subject matter jurisdiction over such action, and (c) Fed.R.Civ.P. 12(h)(3) mandates that a court dismiss an action whenever it determines that it lacks subject matter jurisdiction with respect thereto, *see* Fed.R.Civ.P. 12(h)(3), 28 U.S.C.A. (West 2008) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action"). Because the Court must immediately dismiss such fraudulent conveyance action, but since there remains a possibility that such action may properly be brought in the future, the Court's dismissal of such action will be without prejudice so that it may be, and in the event that it is, so properly brought in the future.

## II.

For all of the reasons stated above, the Court (a) **DISMISSES WITHOUT PREJUDICE** the fraudulent conveyance cause of action that is pled in Delrey's Count 3, and (b) **OVERRULES** Delrey's Objection to the Court's August 21, 2008 Order.

---

**3.** The Court understands that the Chapter 7 Trustee has retired since the commencement of the instant adversary proceeding. If that is correct, then Delrey will need to contact the U.S. Trustee's Office, present its information and the instant Memorandum and Order of Court to that office, and request that a new panel bankruptcy trustee be appointed so as to consider whether such trustee will, in the first instance, prosecute the fraudulent conveyance action that Delrey has sought to pursue in its Count 3.