**In re Edwin D. BAILEY and Jamie S. Bailey, Debtors.**

No. 05–41609.

United States Bankruptcy Court, N.D. Ohio.

Dec. 10, 2009.

Edwin D. Bailey, pro se.

## MEMORANDUM OPINION REGARDING TRUSTEE'S MOTION FOR AUTHORITY TO SETTLE CONTROVERSY

KAY WOODS, Bankruptcy Judge.

This cause is before the Court on Motion for Authority to Settle Controversy ("Motion to Settle") (Doc. # 83) filed by Andrew W. Suhar, Chapter 7 Trustee in this case ("Trustee"), on September 25, 2009. On October 15, 2009, Debtors Edwin D. Bailey ("Mr.Bailey") and Jamie S. Bailey (collectively, "Debtors"), acting *pro se*, filed (i) Debtors' Pro Se Objection to Trustee's Motion for Authority to Settle Controversy ("Debtor's Objection") (Doc. # 86); and (ii) Debtors' Pro Se Motion for Stay ("Motion for Stay") (Doc. # 85). The Court held a hearing ("Preliminary Hearing") on the Motion to Settle and the Motion for Stay on October 22, 2009, at which appeared: (i) Andrew W. Suhar, Esq. on behalf of Trustee; and (ii) Debtors on behalf of themselves.

At the Preliminary Hearing, Mr. Suhar requested that the matter be set for an evidentiary hearing. Debtors did not object to Trustee's request and consented to the matter being dealt with at a further evidentiary hearing. As a consequence, on October 23, 2009, the Court issued Order Setting Evidentiary Hearing ("Scheduling Order") (Doc. # 87), which scheduled an evidentiary hearing for November 24, 2009 at 9:30 a.m. ("Evidentiary Hearing"). The Scheduling Order directed the parties regarding filing and exchanging exhibits and lists of proposed witnesses.

On October 27, 2009, the Court issued Order Denying Motion for Stay (Doc. # 89), which provided that, having scheduled the Evidentiary Hearing, the Motion for Stay was moot.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the general order of reference (General Order No. 84) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I. PROCEDURAL BACKGROUND

Debtors filed a voluntary chapter 7 bankruptcy petition on March 28, 2005 ("Petition Date"). Debtors' Schedule B includes the following entry at line 20 regarding "[o]ther contingent and unliquidated claims:" "Lawsuit against Ohio Department of Transportation in Cuyahoga County Common Pleas Court Case No. CV–01–443852–for reinstatement of job." (hereinafter referred to as "ODOT Claim"). In the Motion to Settle, Trustee

seeks authority to settle all pre-petition claims of Debtors (*i.e.,* the ODOT Claim) against the State of Ohio ("State") and the Ohio Department of Transportation ("ODOT") for the sum of $17,000.00 and a complete release of the State and ODOT for all claims, known and unknown, which arose or were a result of actions or events occurring prior to the Petition Date ("Settlement"). Trustee urges this Court to approve the Motion to Settle because accepting the Settlement is in the best interests of the bankruptcy estate and the creditors of the estate. Trustee recommends the proposed Settlement, based upon the exercise of his informed judgment, because such Settlement (i) is fair and reasonable; and (ii) meets the criteria for being in the best interests of the bankruptcy estate.

Debtors admit in their Objection that they scheduled a claim against ODOT, which is the same liability as the ODOT Claim. They further agree that such claim became property of the bankruptcy estate; however, Debtors assert that the ODOT Claim remained "part of the estate only until Trustee was not interested in the claim and did not request it at the 'Hearing of Creditors'."[1] (Debtors' Obj. at 1.) Debtors contend that they have a pending appeal in Appellate Case No. 09APE–07–682 in which briefs have been filed. (Debtors' Obj. at 2.) A review of the online common pleas docket indicates that, on December 22, 2008, Mr. Bailey commenced a lawsuit against ODOT (denominated Case No. 08 CV 018171) ("Second Franklin Case") in the Franklin County Court of Common Pleas ("Franklin Court"). The Franklin Court granted summary judgment in favor of ODOT on June 11, 2009. Debtors appealed the adverse decision on

July 10, 2009 (denominated Case No. 09APE07–682).

Debtors' Objection is somewhat confusing in that they assert that Trustee has not really proposed a compromise. (Debtors' Obj. at 7.) As a result, Debtors propose their own "compromise," as follows: (i) Debtors will "not object to their bankruptcy being kept open;" (ii) Debtors will not object, at the conclusion of the Second Franklin Case, to Trustee asking ODOT for $17,000.00; and (iii) Debtors will give Trustee $17,000.00 if Mr. Bailey receives a "larger settlement" from the Second Franklin Case. (Debtors' Obj. at 12–13.)

## II. EVIDENTIARY HEARING

The Court held the Evidentiary Hearing on November 24, 2009, at which Trustee was represented by Andrew W. Suhar, Esq. and Debtors appeared *pro se.* On November 10, 2009, Debtors filed Debtors' Introduction of Depositions to be Read into the Record on November 24, 2009 ("Deposition Designation") (Doc. # 94). At the start of the Evidentiary Hearing, the Court ruled that Debtors would not be permitted to read the designated portions of depositions into the record because Debtors' Deposition Designation (i) was untimely pursuant to the Scheduling Order; and (ii) failed to comply with Federal Rule of Civil Procedure 32, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7032.

In accordance with their respective witness lists filed on November 9 and 10, 2009, Jack W. Decker testified on behalf of Trustee and Mr. Bailey testified on behalf of Debtors. Trustee moved for the admission of Trustee's Exhibits 1, 2, 3, 4, 5, and 6, which were admitted into evidence without objection. Debtors moved for the admission of Debtors' Exhibits A, B, C, D, E,

---

**1.** The Court assumes that Debtors' reference to the "Hearing of Creditors" means the first meeting of creditors pursuant to 11 U.S.C. § 341.

F, G, H, I (as redacted), J, K, L, M, N, O, P, Q, R, S, and T, which were admitted into evidence without objection.

### III. LEGAL STANDARD

Trustee's Motion to Settle is based on Federal Rule of Bankruptcy Procedure 9019, which provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR.P. 9019(a) (West 2008).

> The rule offers no guidance as to the criteria to be used in evaluating whether a settlement should be approved, but courts uniformly have drawn from the language of the Supreme Court's decision in *TMT Trailer Ferry [ v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)] in establishing a "fair and equitable" threshold for settlement approval. Although the *TMT Trailer Ferry* case was decided under the Bankruptcy Act, "its principles have been broadly held applicable to settlements under the Bankruptcy Code." 2 Norton Bankr.L. & Prac.2d § 41:10 (2007).

*Olson v. Anderson (In re Anderson),* 377 B.R. 865, 870 (6th Cir. BAP 2007)

■ The Sixth Circuit Court of Appeals has held that "the bankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Reynolds v. Comm'r,* 861 F.2d 469, 473 (6th Cir.1988). The court must weigh the conflicting interests of all relevant parties, "considering such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors." *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir.1988) (citation omitted).

A bankruptcy judge need not conduct a mini-trial or write an extensive opinion every time he approves or disapproves a settlement. The judge need only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision, and set out the reasons for his decision.

*Fishell v. Soltow (In re Fishell),* 47 F.3d 1168, 1995 WL 66622, at *3 (6th Cir. Feb.16, 1995) (unpublished table decision) (quoting *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.),* 841 F.2d 159, 163 (7th Cir.1987)); *see also TMT Trailer Ferry,* 390 U.S. at 437, 88 S.Ct. 1157 (holding that bankruptcy court must have the facts in order to make an informed and independent decision).

■ In deciding whether a settlement or compromise should be approved, courts have reviewed proposed settlements based upon consideration of some or all of the following factors:

1. probability of success in litigation;

2. difficulties, if any, in collecting any judgment that might be rendered;

3. complexity of the litigation involved and the expense, inconvenience, and delay attendant to the litigation; and

4. the paramount interests of the creditors with proper deference to their reasonable views.

*In re Lawrence & Erausquin, Inc.,* 124 B.R. 37, 38 (Bankr.N.D.Ohio 1990) (citing *In re Bell & Beckwith,* 93 B.R. 569, 574 (Bankr.N.D.Ohio 1988)).

As a consequence, this Court reviews Trustee's Motion to Settle, based upon the facts presented at the Evidentiary Hearing to determine if the proposed Settlement is fair and equitable.

## IV. STIPULATED FACTS

At the beginning of the Evidentiary Hearing, Trustee stated that, although the parties had not entered into a written stipulation of undisputed facts, he believed there were four facts that were not disputed. Accordingly, he requested that Debtors stipulate on the record regarding the following facts:

1. Debtors filed a voluntary petition pursuant to chapter 7 of the Bankruptcy Code on March 28, 2005.

2. Schedule B to Debtor's bankruptcy petition contained an item at line 20, as follows: "Lawsuit Against Ohio Department of Transportation in Cuyahoga County Common Pleas Court Case No. CV–01–443852–for reinstatement of job."

3. Debtors scheduled the ODOT Claim because it constituted an asset of the bankruptcy estate.

4. Debtors did not claim any exemption regarding the ODOT Claim and no exemption was available to be claimed for such asset.

Debtors agreed that there was no dispute as to each of these facts. Accordingly, the Court accepted the stipulation of these four facts as undisputed for purposes of the Evidentiary Hearing.

## V. THE SETTLEMENT IS A COMPROMISE OF AN ACTUAL CONTROVERSY

■ By way of background, Mr. Bailey was formerly employed by ODOT in a capacity where he was represented by the Ohio Civil Service Employees Association, Local 11, AFSCME ("OCSEA"). In 1998, ODOT terminated Mr. Bailey's employment. OCSEA pursued a grievance related to Mr. Bailey's termination of employment, which resulted in a Grievance Settlement Agreement ("GSA"), dated September 23, 1999, by and between ODOT, OCSEA, and Mr. Bailey. (Ex. 1) The GSA provided, among other things, (i) Mr. Bailey would be allowed to resign (effective September 23, 1999); (ii) ODOT would pay Mr. Bailey "a lump sum amount of $17,000.00;" (iii) Mr. Bailey agreed to "drop any charges against Matt Long;" and (iv) the period between termination of Mr. Bailey's employment and his resignation would be treated as administrative leave without pay. Mr. Bailey and representatives for ODOT and OCSEA each signed the GSA.

Based on the facts recited by Judge Cain of the Franklin Court in a decision dated August 27, 2007 (Ex. 4), on or about December 23, 1999, Mr. Bailey filed a lawsuit in Cuyahoga County Court of Common Pleas ("Cuyahoga Court") seeking to have the GSA vacated. This first lawsuit was timely filed. Mr. Bailey voluntarily dismissed this lawsuit on June 22, 2001. Thereafter, Mr. Bailey re-filed his lawsuit in Cuyahoga Court on July 10, 2001 ("Second Cuyahoga Case"). The Second Cuyahoga Case was filed outside the applicable statute of limitations, but was permissible pursuant to the one year "savings statute" in O.R.C. 2305.19(A). After a bench trial, the Cuyahoga Court ruled in favor of Mr. Bailey, finding that the GSA was the result of an arbitration proceeding that was procured through undue means and ordered that a new arbitration be conducted between ODOT and OCSEA. (See Ex. 2.) ODOT appealed this decision to the Court of Appeals for the Eighth Appellate District, which vacated the Cuyahoga Court judgment on November 16, 2006 ("Eighth District Decision"). (See Ex. 3.) The Eighth District Decision held that the Cuyahoga Court lacked subject matter jurisdiction and that ODOT and its director could be sued only in the Franklin Court. As a consequence, the Court dismissed the Second Cuyahoga Case. The Eighth Dis-

trict Decision was not further appealed and became a final order.

Subsequently, on May 29, 2007, Mr. Bailey filed a lawsuit in the Franklin Court ("First Franklin Case"), less than one year after the Eighth District Decision. ODOT moved to dismiss the First Franklin Case on the grounds that Mr. Bailey could not take advantage of the Ohio savings statute twice, and, thus, the First Franklin Case was untimely. The Franklin Court agreed and granted ODOT's motion to dismiss. (*See* Ex. 4.) Mr. Bailey appealed the dismissal of the First Franklin Case to the Court of Appeals for the Tenth District, which affirmed the dismissal on March 31, 2008 ("Tenth District Decision"). (*See* Ex. 5.) The Tenth District Decision is a final order.

On December 22, 2008, Mr. Bailey filed yet another lawsuit against ODOT—*i.e.*, the Second Franklin Case—which asserts a breach of contract cause of action based on ODOT's alleged violation of the OCSEA collective bargaining agreement when ODOT terminated Mr. Bailey's employment on July 29, 1998. In the Second Franklin Case, Mr. Bailey seeks reinstatement to his former position, as well as back pay and benefits. ODOT moved for summary judgment, which was granted by the Franklin Court on June 11, 2009. (*See* Ex. 6.) Mr. Baily appealed this decision to the Court of Appeals for the Tenth District, which appeal remains pending.

The Court has recited all of this background to illustrate that there is, indeed, a controversy to be settled. The testimony of Mr. Decker and Mr. Bailey, together with the admitted exhibits, demonstrate that, without doubt, the controversy between ODOT and Mr. Bailey continues unabated. Despite the existence of an actual controversy and without articulating the basis for the argument, Debtors assert that Trustee's proposed Settlement is not really a compromise. To the extent this argument may be based on the fact that the monetary consideration to be received by the estate is the same amount as the lump sum referenced in the GSA, this fact does not overcome the true nature of the proposed Settlement as a compromise. Trustee negotiated with ODOT and reached a settlement and compromise to resolve all pre-petition claims. Whether or not the GSA is enforceable is without moment. There can be no doubt that there has been an on-going unresolved controversy concerning (i) ODOT's pre-petition alleged wrongful termination of Mr. Bailey; and (ii) the resulting grievance, which resulted in the GSA.

Debtors argue that the GSA is "void" because ODOT never intended to perform. Although they assert that the GSA is void, Debtors alternatively argue that the $17,000.00 lump sum payment referenced in the GSA will be available to Trustee after resolution of the Second Franklin Case if Mr. Bailey is allowed to continue to prosecute the appeal of such case. As a consequence, Debtors contend that the only issue is timing of payment of $17,000.00 to Trustee and that Trustee and the creditors can wait the "several years" it may take to resolve the Second Franklin Case. Debtors' argument, however, is fatally flawed. Since the Second Franklin Case [2] is based on the same alleged wrongful pre-petition conduct by ODOT, any monetary award would be property of the

---

**2.** Moreover, in the (unlikely) event that the Court of Appeals for the Tenth District reverses the grant of summary judgment and Mr. Bailey were to prevail in the Second Franklin Case, the GSA would be of no force and effect because it would constitute a double recovery relating to the same claims concerning termination of Mr. Bailey's employment.

estate for Trustee to administer rather than property of Debtors. What is absolutely clear is that whether or not the GSA is an enforceable agreement, included as property of the bankruptcy estate are the unresolved claims against ODOT relating to the pre-petition termination of Mr. Bailey's employment. Trustee has the right and obligation to administer the ODOT Claim as an asset of the estate. In particular, because it is not clear that the GSA is enforceable and because Trustee proposes a further release in favor of the State and ODOT, the Settlement represents a true compromise for which approval is required under Rule 9019.

## VI. THE ODOT CLAIM IS PROPERTY OF THE ESTATE

■ Section 541 of the Bankruptcy Code defines property of the bankruptcy estate:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541 (West 2008). Because the alleged wrongful termination of Mr. Bailey's employment occurred prior to the Petition Date, any and all contingent and/or unliquidated claims arising out of and/or related to such cause of action constitute property of the bankruptcy estate. "It is well-established that the broad scope of § 541 encompasses causes of action existing at the time of the commencement of the bankruptcy action." *In re Carson*, 82 B.R. 847, 851 (Bankr.S.D.Ohio 1987).

There is no dispute that the ODOT Claim constitutes property of Debtors' bankruptcy estate. (*See* Debtors' Obj. at 1.) Indeed, as set forth above, Debtors stipulated to this undisputed fact. The Debtors contend, however, in Debtors' Objection, that the ODOT Claim ceased to be property of the bankruptcy estate when Trustee "did not request it at the 'Hearing of Creditors'." Subsequent to filing Debtors' Objection, Debtors entered into the oral stipulation of facts on the record, conceding that the ODOT Claim is and continues to be property of the estate. As a consequence, the Court deems Debtors to have waived the argument that Trustee has abandoned the ODOT Claim. However, to the extent Debtors may contend that they have not waived this argument, the Court will address it below.

■ Although Debtors make the bald assertion that the ODOT Claim is no longer property of the estate, there is no legal or factual basis for such assertion. Property remains property of the estate until it is abandoned by the trustee as burdensome to the estate or of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a) (West 2008). Section 554(a) requires notice and a hearing before Trustee can abandon property of the estate. Trustee never filed a motion to abandon the ODOT Claim and no other party sought abandonment thereof. Section 554 sets forth a specific procedure that must be followed for property to be abandoned. "The strict formalities surrounding abandonment exist for the protection of the creditors." *Ayazi v. New York City Board of Educ.*, 315 Fed.Appx. 313, 315 (2d Cir. 2009).

■ Delay in administering an asset does not constitute abandonment. There is no basis for Debtors' assertion that Trustee abandoned the ODOT Claim merely because he did not "request" it at

the 341 Meeting of Creditors. "[A] bankruptcy trustee, as a matter of law, cannot abandon a legal claim merely by failing to prosecute it." *Delrey Windows, Inc. v. Mars Builders, Inc. (In re Mars Builders, Inc.)*, 397 B.R. 255, 257 (Bankr.W.D.Pa. 2008). *Accord, In re Prospero*, 107 B.R. 732, 735 (Bankr.C.D.Cal.1989) ("[m]ere inaction by the Trustee does not accomplish abandonment.") Thus, there is no merit to Debtors' argument that Trustee abandoned the claim when he failed to "request" the claim at the First Meeting of Creditors. Consequently, the ODOT Claim, which is based solely upon prepetition events, was, as of the Petition Date, and still is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

## VII. DEBTORS LACK STANDING TO PURSUE LITIGATION REGARDING THE ODOT CLAIM

■ Because the ODOT Claim constitutes property of the bankruptcy estate, only Trustee can pursue the claim for the benefit of the estate and its creditors. Section 323(a) provides that the trustee in a case is the "representative of the estate." 11 U.S.C. § 323 (West 2008). Absent abandonment by Trustee, Debtors no longer had the right or the authorization to pursue litigation relating to the ODOT Claim. In *Darrah v. Franklin Credit (In re Darrah)*, 337 B.R. 313 (Bankr.N.D.Ohio 2005), the debtor filed a complaint for damages against the holder of his note and mortgage alleging violations of the Real Estate Settlement Procedures Act (RESPA). The defendant moved to dismiss, *inter alia*, based on debtor's lack of standing.

> But when a bankruptcy case is filed, the identity of the entity who is normally perceived to possess such an injury will in many instances change. Such a change has occurred in his [sic] matter.

At the commencement of a bankruptcy case, an estate is created. 11 U.S.C. § 541(a). This estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* Choses-in-action, such as the Plaintiff's claim under RESPA, are included within this broad definition.

A trustee then administers the estate for the benefit of all a debtor's creditors. 11 U.S.C. § 323(a). So as to effectuate this duty, the trustee is afforded with a number of powers. Among these, is the "capacity to sue[.]" 11 U.S.C. § 323(b). And so long as a chose-inaction remains a part of a debtor's bankruptcy estate, this *authority to sue is exclusive to the trustee; a debtor may not, independent of the trustee, exercise legal authority over estate property.*

*Id.* at 316 (emphasis added).

In *Folz v. BancOhio Nat'l Bank*, 88 B.R. 149 (S.D.Ohio 1987), the District Court held that only the trustee in bankruptcy—not the debtors—had standing to bring claims based on events that occurred prior to the date the bankruptcy petition was filed. The alleged causes of action in question were based on violations of the Securities Act of 1933 and the Racketeer Influenced and Corrupt Organizations Act. Relying on *Dallas Cabana, Inc. v. Hyatt Corp.*, 441 F.2d 865 (5th Cir.1971), the district court held:

> [T]he fact that the trustee has failed to prosecute these claims does not permit the [debtors] to bring suit on their own behalf without first petitioning the Bankruptcy Court for an order authorizing abandonment of that property. The trustee's failure to prosecute any cause of action does not constitute an abandonment of that cause of action and does

not give the bankrupt the authority to maintain that cause of action.

*Id.* at 150.

Similar to the cases cited above, the ODOT Claim and all related litigation constitute property of the bankruptcy estate, which can be pursued only by Trustee. Debtors do not have standing to prosecute the Second Franklin Case or any other litigation involving the ODOT Claim.

## VIII. RELEASE OF CLAIMS AGAINST THE STATE AND ODOT

■ Debtors argue that only ODOT profits from Trustee's proposed Settlement because approval of the Settlement will end all litigation against ODOT. Assuming, *arguendo*, that this unsupported argument is true, the fact that ODOT may benefit from the proposed Settlement does not constitute a basis for the Court to disapprove such Settlement. Whether or not ODOT benefits from the Settlement is not material. The question before the Court is whether the settlement is fair and equitable and whether the bankruptcy estate benefits by Trustee's proposed Settlement.

Trustee's proposed Settlement has two components: (i) a monetary payment of $17,000.00; and (ii) release of the State and ODOT from all pre-petition claims and liabilities. Debtors' argument that Mr. Bailey should be allowed to pursue the Second Franklin Case is based on the faulty assumption that Mr. Bailey has the right to receive any monetary award resulting from this lawsuit, which is based on alleged breach of contract and the alleged wrongful termination of his employment in 1998. As set forth above, because the alleged wrongful termination occurred prior to the Petition Date, any and all contingent and/or unliquidated claims arising out of and/or related to the ODOT Claim and/or the Second Franklin Case constitute property of the bankruptcy estate, which only Trustee may pursue.

The second element of the proposed Settlement is a release of all pre-petition claims and liabilities against the State and ODOT. Given the long and protracted series of lawsuits regarding Mr. Bailey's termination from employment, ODOT's insistence upon this element of the Settlement is not unreasonable and is understandable. Debtors appear to be under the mistaken impression that releasing the State and ODOT from all pre-petition claims will adversely affect Debtors. As set forth above, the ODOT Claim is property of the bankruptcy estate and all pre-petition debts and liabilities are to be administered by Trustee. Debtors have—without authorization—pursued litigation regarding the ODOT Claim post-petition. When ODOT became aware of Debtors' pending bankruptcy case, Mr. Decker from ODOT contacted Trustee. After such notification, Trustee actively negotiated with ODOT to compromise the ODOT Claim, which has resulted in the proposed Settlement. Debtors have no right to pursue the Second Franklin Case because such litigation is based on pre-petition conduct by ODOT. As set forth above, any and all causes of action relating to the ODOT Claim belong to the bankruptcy estate and are for Trustee to pursue. As a consequence, Trustee's proposed release of claims against ODOT can have no adverse impact on Debtors—despite their misunderstanding regarding Mr. Bailey's entitlement to his day in court to right the alleged wrong committed by ODOT.

## IX. THE SETTLEMENT IS FAIR AND REASONABLE

■ As set forth in Section III, *supra,* the Court may approve the Settlement if it apprises itself of the underlying facts and

makes an independent judgment that the compromise is fair and equitable. *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir.1988). This Court has undertaken this analysis and determines that the Settlement is fair and equitable. The Court has considered the factors from *In re Lawrence & Erausquin, Inc.* (*see* Section III, above) and finds that they all weigh in favor of approval of the Settlement. Trustee is compromising an actual controversy. ODOT has been granted summary judgment in the Second Franklin Case for which there is an appeal pending. Thus, there are uncertainties regarding success in the litigation. Settlement brings finality and ends the potential for additional years of litigation. Trustee should not experience any difficulty in collecting the $17,000.00 from the State and ODOT. No creditor has opposed this Settlement and the creditors of the bankruptcy estate will benefit from Trustee's proposed Settlement.

As a consequence, this Court finds that Trustee has demonstrated that the Settlement is fair and reasonable. The Court finds that Trustee has exercised sound business judgment and will, accordingly, approve the Settlement.

An appropriate order will follow.

### ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SETTLE CONTROVERSY

For the reasons set forth in this Court's Memorandum Opinion Regarding Trustee's Motion for Authority to Settle Controversy entered on this date, the Court hereby grants Trustee's Motion for Authority to Settle Controversy.

**IT IS SO ORDERED.**